IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN J. SWAIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1132 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 25th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge's ("ALJ") decision finding her not disabled is insufficiently supported because the ALJ erred in her evaluation of the medical opinion offered by Dr. Donald McFarland. (Doc. No. 9). As explained herein, any error the ALJ may have made was harmless; accordingly, the Court will affirm the ALJ's non-disability determination.

In this matter, Plaintiff argues that the ALJ failed to adequately address supportability and consistency in her finding that Dr. McFarland's opinion was not persuasive. (Doc. No. 9 at 5-10). This error was harmful, Plaintiff argues, because the ALJ likely would have formulated a more restrictive RFC had she found Dr. McFarland's opinion to be more persuasive. (*Id.*). The ALJ analyzed Dr. McFarland's opinion and stated the following:

> Another provider stated [Plaintiff] was incapable of even "low stress" jobs, had memory loss and balance issues, could sit for less than 2 hours, could stand or walk for less than 2 hours, was incapable of employment, and had attention and concentration interference occasionally (21F). The opinion is not persuasive, as it is not supported by and is not consistent with the evidence. Statements on the ultimate issue are reserved for the Commissioner. Further, these findings greatly overstate the extent of the claimant's limitations, as physical exam show good strength, good gait, good ability to care for himself, and many other normal findings (2F/7; 5F/20; 6F/4, 49, 127; 7F/28; 18F/26). Therefore, this opinion is not persuasive.

(R. 42). In this explanation of her persuasiveness determination, the ALJ arguably conflated supportability and consistency. Supportability is a measure of the relevancy of "objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)[.]" 20 C.F.R. § 404.1520c(c)(1). Consistency measures the agreeableness of medical opinions with "evidence from other medical sources and nonmedical sources in the claim[.]" *Id.* § 404.1520c(c). One court has explained the distinction between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021). Here, the ALJ's decision, while mentioning both consistency and supportability, only cites to evidence relevant to the consistency of Dr. McFarland's opinion with Plaintiff's physical exam findings from other sources. (R. 42).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

                                                    s/Alan N. Bloch
                                                    United States District Judge

ecf:        Counsel of record

---

However, even if this was in error, it does not require remand. Remand is unnecessary when the Court can determine with confidence that an error did not impact the outcome of the case. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Here, the Court is confident that the outcome of Plaintiff's case was not impacted by the ALJ arguably conflating supportability and consistency because Dr. McFarland's opinion was unaccompanied by any supporting evidence or explanations. *See Pipkin v. Kijakazi*, No. 22-2-E, 2023 WL 411291, at *1 n.2 (W.D. Pa. Jan. 25, 2023) (finding the ALJ committed harmless error when conflating supportability and consistency because the doctor's opinions were unaccompanied by supporting explanations). As Defendant points out, Dr. McFarland's opinion was rendered largely by checkmarks and without any supporting explanation. (Ex. 21F). Indeed, Dr. McFarland's opinion contains very few explanations, such as "memory loss, balance issues," for his conclusion that Plaintiff was incapable of even "low stress" work. (Ex. 21F/2). Dr. McFarland also stated that Plaintiff was "incapable of meaningful activity" as a blanket answer for much of page three of his opinion. (Ex. 21F/3). Dr. McFarland's absence of any meaningful explanation for his opined limitations made it nearly impossible for the ALJ to analyze the supportability of this opinion. Accordingly, any potential error on this point was harmless.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.